■ In the Matter of CHEMUNG COUNTY, Appellant, v. RICHARD L. HARTMAN et al., as Assessors of the Town of Big Flats, Respondents.— HAMM, J. Appeal by the County of Chemung from dismissal after a hearing of its petition for an order exempting it from tax on its T-hangars and the airport land on which they are located. The county leased a portion of its airport and certain buildings located on its airport to Elmira Aeronautical Corporation. The lease included two T-hangars, each containing six stalls. When the corporation assumed operations under the terms of its lease it continued to operate the hangars on a "first-come first-served, month-to-month basis". There are and were no written rental agreements and no express commitment "to any long-term leasing". When a tenant leaves and his space is rented, the new tenant is billed to the end of the month and in advance for the coming month. The tenant has a key and may lock his hangar, the lessor also retains a key for entry in case of emergency. If the tenant's stall is unoccupied and the time of his return is not known, particularly during inclement weather, his space is sometime made available to an itinerant plane but, in our opinion, this occasional public use is no more than incidental to the tenant's use. Moreover, the tenant, "would have the right, being a regular renter, to demand some space as against an itinerant" and the use of the tenant's space in his absence "is not a condition of the monthly rental." When an airplane owner requests space, his name is placed on a waiting list and "as there are vacancies, due to sales of aircraft that are in the hangars or the owner moves away, this man on the list moves up." However, so long as a tenant has use of an airplane, the tenancy will not be terminated. Thus, in practice and pursuant to the adopted policy, the occupancy of the hangar, except for the incidental use mentioned, is restricted to tenants who may remain as long as they wish provided only they have use of an airplane which they store in the hangar. In these circumstances the T-hangars and the land on which they are located are not, in our opinion, "held for a public use" within the meaning of subdivision 1 of section 406 of the Real Property Tax Law. (Cf. *Town of Harrison* v. *County of Westchester*, 13 N Y 2d 258). Order affirmed, without costs. Herlihy, J. P., Reynolds, Taylor and Aulisi, JJ., concur.