## The Marion & McPherson Railway Company v. C. A. Champlin, *as Treasurer of McPherson County, et al.*

1. TAXATION —*Void Statute.* The provisions of subdivision eight of ₴ 22, chapter 110, Comp. Laws of 1879, permitting a township trustee, with the advice and concurrence of the board of county commissioners of his county, to levy taxes on the property of the citizens of his township only, thereby exempting from taxation, from township or other purposes, the property in the township of all non-residents and of all persons or corporations not citizens of the township, is unconstitutional and void, and in violation of ₴ 1, article 11, of the constitution of the state, which ordains that "the legislature shall provide for a uniform and equal rate of assessment and taxation."

2. ———— *Statute, Amended.* In 1885, subdivision eight of ₴ 22, chapter 110, Comp. Laws of 1879, was amended so as to omit the word

"citizen," and to permit the taxes therein named to be levied upon all the property in the township subject to taxation.

3. ——— Section 38, chapter 34, Laws of 1876, did not repeal the eighth subdivision of ¿ 22, chapter 110, Comp. Laws of 1881.

*Error from McPherson District Court.*

ACTION to restrain the collection of certain taxes. The plaintiff *Railway Company* brings the case here to reverse a judgment rendered against it at the April Term, 1886.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*Grattan & Grattan,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by the Marion & McPherson Railway Company against the treasurer of McPherson county, the sheriff and board of commissioners of that county, and also against the townships of Canton, Empire, McPherson, Jackson, and Castle, of that county, to enjoin the collection of certain township road taxes levied in 1884, under the authority of the eighth subdivision of § 22, chapter 110, Comp. Laws of 1879. This subdivision reads:

"*Eighth.* [The township trustee] shall superintend all the pecuniary concerns of his township, and shall, at the July session of the board of county commissioners, annually, with the advice and concurrence of said board, levy a tax on the property of the citizens of said township, for township, road and other purposes, and report the same to the county clerk, who shall enter the same on the proper tax-roll, in a separate column or columns, and the treasurer shall collect the same as other taxes are collected; but in a failure of such trustee and commissioners to concur, then the board of county commissioners shall levy such township, road and other taxes."

The contention is, that as subdivision 8 of § 22 provides for the levying of taxes upon the property of citizens only, the provisions are in conflict with that part of § 1, article 11, of the constitution of the state, which ordains that "the legislature shall provide for a uniform and equal rate of assessment

and taxation." Under the provisions of the statute the property in a township owned by non-residents and all persons or corporations not citizens is exempt from the taxes levied for township, road and other purposes. These taxes cannot be regarded as license, or occupation, or other than property taxes levied upon property owned by citizens only. (*City of Leavenworth v. Booth*, 15 Kas. 628; *Fretwell v. City of Troy*, 18 id. 271; *City of Newton v. Atchison*, 31 id. 151; *In re Dassler*, 35 id. 678.) If a state tax is levied upon property, it must be uniform over all the state. If a county, town or city tax is levied upon property, it must be uniform throughout the extent of the territory to which it is applicable. It must also be extended to all property subject to taxation, so that all the property may be taxed equally. This is taxation by a uniform rule. We do not think that the taxes provided for in said subdivision 8 can be imposed upon the citizens of a township only. The taxes provided for should be levied upon all the property of a township, to comply with the constitution of the state. We are of the opinion, therefore, that the provisions of said subdivision 8, authorizing a levy of the taxes therein named on the property of citizens only, is unconstitutional; and that the taxes levied cannot be collected. (*Hines v. City of Leavenworth*, 3 Kas. 200; *Graham v. Comm'rs of Chautauqua Co.*, 31 id. 473.)

In 1885, subdivision 8 of said § 22 was amended so as to omit the word "citizen," and to permit the taxes therein named to be levied upon all the property in a township. (Laws of 1885, ch. 194.)

Our attention is called to § 38, ch. 34, Laws of 1876; and it is claimed that the taxes complained of were properly levied thereunder. This section makes no provision for the township trustee and board of county commissioners to levy township taxes, but merely provides that when the county clerk shall have received the return of railroad assessment from the auditor of state, he must certify to the proper officer of the different school districts, cities and townships of his county, in or through which any portion of the railroad is located, the

amount of assessment that is to be placed on the tax-roll for the benefit of such school district, city, or township; and must at the proper time place such assessment on the tax-roll of his county, subject to the same per cent. of levy for different purposes as on other property. In these provisions there is no warrant for the county clerk to levy any taxes. After taxes are properly levied, the county clerk extends the same upon the tax-rolls. Section 38 of chapter 34, Laws of 1876, did not amend or repeal § 22, chapter 110, Comp. Laws of 1879.

The judgment of the district court will be reversed, and the cause remanded for further proceedings, in accordance with the views herein expressed.

All the Justices concurring.