No. 25,293.

ETTA EARHART, *Appellee,* v. MOUNT VERNON CEMETERY ASSOCIATION, *Appellee,* and W. B. HOLBERT, *Appellant.*

SYLLABUS BY THE COURT.

INJUNCTION—*To Prevent Removal of Shade Tree from Defendant's Cemetery Lot Adjoining Plaintiff's Lot.* A permanent injunction will not be granted, at the suit of the owner of a lot in a cemetery, against the owner of an adjoining lot, on which there is an ornamental tree shading the plaintiff's lot, to prevent the owner of the lot on which the tree is located from cutting down, removing or destroying the tree to prepare the lot for burial purposes.

Appeal from Atchison district court; WILLIAM A. JACKSON, judge. Opinion filed July 5, 1924. Reversed.

*J. M. Challiss,* of Atchison, for the appellant.

*C. J. Conlon,* of Atchison, for Etta Earhart, appellee; *James W. Orr,* of Atchison, for Mount Vernon Cemetery Association, appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to enjoin the defendants from cutting down a tree on a cemetery lot owned by the defendant Holbert and adjoining a lot owned by the plaintiff. A permanent injunction was granted, and defendant Holbert appeals.

The evidence, a large part of which was an agreed statement of facts, showed that the plaintiff purchased a lot from the defendant association on December 3, 1907; that on July 18, 1909, the defendant Holbert purchased an adjoining lot, on which there was and still is a large ornamental white oak tree which shades and ornaments the plaintiff's lot; that the deed to Holbert contained the following provision, "It is hereby agreed to remove a tree on the lot free of charge to the lot owner"; that Holbert paid the regular price for the lot; that the plaintiff's lot will be damaged if the tree is removed; that Holbert called the attention of the association to the provision in the deed and demanded that the tree be removed; that the association refused to remove the tree; and that on June 6, 1920, Holbert in a letter again demanded the removal of the tree, and stated that if it was not removed by July 15 he would have it removed at the expense of the association. This action was soon after commenced.

The lot was purchased for burial purposes. It cannot be used for any other purpose. (R. S. 17-1302.) The defendant Holbert has the right to use the whole of his lot for those purposes. He cannot be lawfully deprived of such use of part of the lot for the purpose of ornamenting the whole of the cemetery or any other part of it. That part of the lot occupied by the tree cannot be used for burial purposes without destroying the tree. The defendant has the right to prepare the whole of the lot for the burial of his dead. The entire lot cannot be so prepared without destroying the tree. It is not incumbent on defendant Holbert to wait until it is necessary to use that part of the lot occupied by the tree before preparing that portion for burial purposes. He should not be interfered with in making that preparation. It follows that the plaintiff cannot maintain this action.

The judgment is reversed, and the trial court is directed to render judgment in favor of defendant Holbert.

HOPKINS, J., dissenting.