No. 46,074

THE CITY OF NEWTON, KANSAS, a Municipal Corporation, *Appellee,* v. BOARD OF COUNTY COMMISSIONERS OF HARVEY COUNTY, KANSAS; WARREN LONG, ELDO M. STEELE, and HOWARD R. OSBORN, as commissioners thereof; GLEN RANDALL, COUNTY CLERK OF HARVEY COUNTY, KANSAS; HARVEY SOUTHWORTH, COUNTY ASSESSOR OF HARVEY COUNTY, KANSAS, and FAYE DESCHNER, TREASURER OF HARVEY COUNTY, KANSAS, *Appellants.*

(495 P. 2d 963)

Opinion filed April 8, 1972.

*George A. Robb,* of Newton, was on the brief for the appellants.
*Arthur N. Turner,* of Newton, was on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The City of Newton brings this action to recover taxes paid under protest on city-owned real estate. Judgment was entered in favor of the city for a portion of the taxes so paid and

the defendants, the Board of County Commissioners of Harvey County, Kansas, and the County Commissioners, County Clerk, County Assessor and County Treasurer of Harvey County have appealed. The plaintiff will be referred to throughout this opinion as the city, and the defendants, when necessary, as the county.

Four tracts or parcels of real estate are involved. The first tract was purchased by the city in 1964 as a site for a water tower. This property was later traded to the Board of Education of U. S. D. 373, and the projected water tower was never erected on the site. The remaining three tracts, denominated the Fourth Street site, the Broadway site and the Norton site, were acquired either by purchase or through condemnation proceedings on various dates from March 12, 1963 to December 22, 1965.

Before relating the judgment entered by the trial court for the city, it may prove helpful to summarize the applicable statutes. The predecessor of K. S. A. 14-1001 (G. S. 1949, 14-1001) provided, so far as material to this case, that all lands, houses, moneys, debts due the city and property and assets of every description belonging to a city of the second class should be exempt from taxation. In 1963 the Kansas Legislature amended the predecessor statute (G. S. 1949, 14-1001) by adding a proviso that if any of such lands, houses or other property or assets be leased, loaned or otherwise made available to any person, firm or corporation for use in any trade, business or commercial enterprise, such property so leased, loaned or otherwise made available should not be exempt from taxation for and during the term or terms thereof. The amendment became effective as of June 30, 1963, and the statute as amended became K. S. A. 14-1001.

In entering judgment against the county, the trial court first concluded that prior to July 1, 1963—the effective date of the amending proviso—ownership was the sole test for exemption, regardless of use. The city was therefore given judgment for all the taxes it paid for the period prior to July 1, 1963, no matter how the property had been used. Secondly, the court concluded that from and after July 1, 1963, ownership was still the criterion except for such periods of time as the property was leased, loaned or otherwise made available for commercial purposes. Accordingly, the city received judgment for taxes paid on the properties for the period after July 1, 1963, except for the time said properties were used for private, business or commercial purposes. Since the Fourth Street

and Norton sites were occupied by commercial enterprises for part of the time subsequent to July 1, 1963, the trial court carefully apportioned the taxes paid on those two sites on a comparable basis. No question appears to be raised concerning the accuracy of the apportionment.

We believe the trial court was eminently correct in its construction of the applicable law, and in the judgment it entered.

In *City of Harper v. Fink*, 148 Kan. 278, 80 P. 2d 1080, this court held that under G. S. 1935, 14-1001, which for purposes of this case was identical to K. S. A. 14-1001 before the 1963 amendment, the sole test for determining the exempt status of real estate belonging to a city of the second class was the ownership of the property and not the use to which it was put.

After the 1963 amendment was adopted, the ownership of city property was no longer the sole criterion for exemption, inasmuch as an exception was spelled out in case the property was loaned, leased or otherwise made available for commercial purposes. In *Board of Park Commissioners v. Board of County Commissioners*, 206 Kan. 438, 444, 480 P. 2d 81, we considered a counterpart of K. S. A. 14-1001 which pertained to cities of the first class (K. S. A. 13-1406). In that case we said that where city-owned property was leased or otherwise made available for commercial use it lost its exempt status; but otherwise it continued to be exempt.

It may not be amiss to add that K. S. A. 14-1001, along with 13-1406 and 15-1101 (pertaining to first and third class cities) was repealed by the legislature in 1969. (L. 1969, Ch. 429, § 3.) In the same act the legislature amended 79-201 to read as follows:

"That the property described in this section, to the extent herein limited, shall be exempt from taxation:

. . . . . . . . . . .

"*Sixth*. All property used exclusively by the state or any municipality or political subdivision of the state: . . ."

The present case arose before 14-1001 was repealed and before 79-201 Sixth was amended. Consequently, we are not required to construe the latter or to define its terms.

The judgment of the court below is affirmed.