No. 47,690

Topeka Cemetery Association, *Plaintiff-Appellee*, v. George Schnellbacher, Assessor, Shawnee County, Kansas, *Respondent-Appellant*.

(542 P. 2d 278)

Opinion filed November 8, 1975.

*Matthew J. Dowd*, county counselor, argued the cause, and was on the brief for the respondent-appellant.

*Hart Workman*, of Crow and Skoog, of Topeka, argued the cause, and *Sam A. Crow*, of the same firm, was with him on the brief for the plaintiff-appellee.

The opinion of the court was delivered by

PRAGER, J.: This is an action by a taxpayer attacking a statutory tax exemption on the ground that it is discriminatory and hence in violation of the Kansas Constitution. The facts in the case have been stipulated and essentially are as follows: The Topeka Cemetery Association, plaintiff-appellee, is a Kansas cemetery corporation created pursuant to statute. The cemetery association owns property in Topeka which has been platted and dedicated exclusively as a cemetery. The Topeka Cemetery Association has been in existence for many years. The great majority of the lots have been sold to provide individual or family burial lots. A number of the lots have not been sold and are owned by the corporation and available for future sale. The unsold cemetery lots, driveways, lawns, and areas used for maintenance of the cemetery are dedicated to burial purposes and under the association's charter cannot be used for any other purpose.

Prior to 1969 the legislature by statute exempted from taxation all lands used exclusively as graveyards. (K. S. A. 1968 Supp. 79-201 *Second.*) In 1969 the legislature by Chapter 429, Laws of 1969, amended 79-201 *Second* to provide as follows:

"79-201. . . . That the property described in this section, to the extent herein limited, shall be exempt from taxation:

. . . . . . . . . . . . . . .

"*Second.* All lots or tracts of land located within cemeteries, which have been purchased by individual owners and are used or to be used exclusively as a grave site or sites by said individual owner or the family thereof." (K. S. A. 79-201 *Second* [Weeks 1969].)

Section 3 of Chapter 429 repealed K. S. A. 1968 Supp. 79-201 along with other statutes. The effect of the statute was to classify cemetery lands into two groups for tax purposes. Lots or tracts of land owned by individual owners for present or future use as grave sites are declared exempt from ad valorem taxation. Lots or tracts of land owned by a cemetery corporation are not exempt from ad valorem taxation and are required to be assessed and taxed by state taxing officials.

The defendant-appellant, George Schnellbacher, Shawnee county assessor, proceeded to place upon the tax rolls for tax years after 1969 all land owned by the Topeka Cemetery Association which had not been purchased by individual owners. The cemetery association challenged the constitutionality of the statutory classifi-

cation by appealing to the State Board of Tax Appeals. The board held the statute to be constitutional and ordered the taxing officials of Shawnee county to place on the tax rolls all lots or tracts of land owned by the Topeka Cemetery Association at the appraised valuation found by the board to be correct. The cemetery association appealed to the district court of Shawnee county pursuant to K. S. A. 74-2426. The district court permitted George Schnellbacher as Shawnee county assessor to intervene as a party defendant in the action. The parties stipulated as to the facts and the district court in a memorandum decision found the 1969 statute, K. S. A. 79-201 *Second* (Weeks 1969), to be unconstitutional as a violation of Article 11, Section 1, of the Kansas Constitution. The Shawnee county assessor has brought a timely appeal to this court.

The sole issue presented on this appeal is one of law and simply stated is as follows: Is K. S. A. 79-201 *Second* (Weeks 1969) unconstitutional as a violation of Article 11, Section 1, of the Kansas Constitution? At the time the case was tried Article 11, Section 1, provided as follows:

"§ 1. System of taxation; classification; exemption. *The legislature shall provide for a uniform and equal rate of assessment and taxation,* except that mineral products, money, mortgages, notes and over evidence of debts may be classified and taxed uniformly as to class as the legislature shall provide. All property used exclusively for state, county, municipal, literary, educational, scientific, religious, benevolent and charitable purposes, and all household goods and personal effects not used for the production of income, shall be exempted from taxation." (Emphasis supplied.)

This section of the constitution was amended in 1974 but such amendment did not affect the issue presented to the court in this case. The exceptions mentioned in the section are not applicable in the present case and will not be discussed. Specifically, the Topeka Cemetery Association contends that K. S. A. 79-201 *Second* (Weeks 1969) violates that portion of Article 11, Section 1, which requires the legislature to provide for a uniform and equal rate of assessment and taxation.

This constitutional provision has been before this court for interpretation on many occasions since the provision was adopted as a part of the original constitution of Kansas. It would be helpful to consider some of the general principles of law which this court has followed in applying the constitutional provision to specific taxing statutes enacted by various state legislatures down through the years. As a general proposition all property is subject to taxation except property which is specifically exempted either

by the constitution or by statute. Constitutional and statutory provisions exempting property from taxation are to be strictly construed and the burden of establishing exemption from taxation is upon the one claiming it. (*Lutheran Home, Inc., v. Board of County Commissioners,* 211 Kan. 270, 505 P. 2d 1118.) The *constitutional* exemptions provided for in Article 11, Section 1, of the Kansas Constitution extend to all property *used* exclusively for state, county, municipal, literary, educational, scientific, religious, benevolent and charitable purposes and all household goods and personal effects not used for the production of income. We have held that the *constitutional* exemptions depend solely upon the exclusive use made of the property and not upon the ownership or the character, charitable or otherwise, of the owner. (*Lutheran Home, Inc., v. Board of County Commissioners,* supra.)

The legislature has the authority to provide that property other than that named in the constitution may be exempt from taxation, but this exemption must have a public purpose and be designed to promote the public welfare. (*Alpha Tau Omega v. Douglas County Comm'rs,* 136 Kan. 675, 18 P. 2d 573; *City of Harper v. Fink,* 148 Kan. 278, 80 P. 2d 1080.) Some statutory exemptions have been based upon public ownership of property by the United States government. Without congressional action there is immunity from state and local taxation, implied from the United States Constitution itself, of all properties, functions and instrumentalities of the federal government. (*Smith v. Davis,* 323 U. S. 111, 89 L. Ed. 107, 65 S. Ct. 157.) Statutory exemptions also have been created to apply to property owned by the state or one of its political subdivisions. (*City of Harper v. Fink,* supra; *City of Newton v. Board of County Commissioners,* 209 Kan. 1, 495 P. 2d 963.) In *City of Harper v. Fink,* supra, this court stated that under statutes granting tax exemptions to city property, *ownership* rather than exclusive use is the test of exemption from taxation. It is obvious that statutory exemptions based upon *public* ownership of property may have a rational basis and that a public purpose may be served thereby.

Throughout our judicial history a different test has been applied in situations where public property is not involved and where the statutory tax exemption pertains to property owned by private individuals or corporations. We have consistently held that where public property is not involved, a tax exemption must be based upon the use of the property and not on the basis of ownership alone. The reason for the rule is that a classification of private property

for tax purposes based solely upon ownership unlawfully discriminates against one citizen in favor of another and therefore is a denial of equal protection of the law. In *Associated Rly. Equipment Owners v. Wilson*, 167 Kan. 608, 208 P. 2d 604, we stated that the equal protection clause of the federal constitution and state constitutional provisions pertaining to equality and uniformity of taxation are substantially similar and that, in general, what violates one will contravene the other and vice versa. In 1887 it was held in *M. & M. Rly. Co. v. Champlin, Treas.*, 37 Kan. 682, 16 Pac. 222, that a distinction made in the taxation of property in a township belonging to residents and nonresidents was unconstitutional and void and in violation of Article 11, Section 1, of the Kansas Constitution.

The terms "equality" and "uniformity" were explained in *Wheeler v. Weightman*, 96 Kan. 50, 149 Pac. 977, where the court stated as follows:

". . . The essentials are that each man in city, county, and state is interested in maintaining the state and local governments. The protection which they afford and the duty to maintain them are reciprocal. The burden of supporting them should be borne equally by all, and this equality consists in each one contributing in proportion to the amount of his property. To this end all property in the state must be listed and valued for the purpose of taxation, the rate of assessment and taxation to be uniform and equal throughout the jurisdiction levying the tax. The imposition of taxes upon selected classes of property to the exclusion of others, and the exemption of selected classes to the exclusion of others, constitute invidious discriminations which destroy uniformity. . . ." (p. 58.)

In *Voran v. Wright*, 129 Kan. 1, 281 Pac. 938, opinion on rehearing 129 Kan. 601, 284 Pac. 807, it is declared that the classification permitted by Section 1, of Article 11, of the Kansas Constitution applies to property and not to owners thereof. At page 606 of the opinion on rehearing it is stated:

". . . A classification as to owners is not now permissible. The only classification authorized or tolerated by this constitutional provision is that of property, and it makes no difference by whom it may be owned, whether by individual, merchant, manufacturer, banking institution or other corporation. . . ." (pp. 606, 607.)

The rule of uniformity may be violated as effectively by arbitrary exemptions from taxation as by arbitrary impositions. In *Mount Hope Cemetery Co. v. Pleasant*, 139 Kan. 417, 32 P. 2d 500, this court had before it a factual situation and a statute quite similar to that presented in this case. In that action the Mount Hope Cemetery Co. brought an original proceeding in mandamus in the su-

preme court to require the state tax commission to order stricken from the tax rolls of Shawnee county certain land lying near Topeka which had been conveyed to the cemetery in trust for cemetery purposes. Prior to 1931 it was provided by statute that all lands used exclusively as graveyards shall be exempt from taxation. In 1931 the legislature enacted R. S. 1933 Supp. 17-1314 which reads:

"All lands held and owned by cemetery corporations or associations shall be subject to assessment and taxation: *Provided*, That where lands are held or owned by municipal corporations for cemetery purposes, such lands shall be exempt from taxation: *And provided further*, Where such lands are divided or platted in burial lots and the same have been sold to a person for burial purposes, such lot or lots shall be exempt from assessment and taxation, and also shall not be subject to attachment or execution."

This court held that that portion of the statute of 1931 which sought to subject plaintiff's public cemetery to taxation on the ground of corporation ownership of the fee title to the property violated those provisions of the state and federal constitutions which guarantee to all persons, corporate and individual, within the jurisdiction of the state the equal protection of the law, and which forbid unjust discrimination among individuals and corporations in respect to taxation of their properties. In the later case of *Mount Hope Cemetery Co. v. City of Topeka,* 190 Kan. 702, 378 P. 2d 30, the earlier case of *Mount Hope Cemetery Co. v. Pleasant,* supra, is cited and it is stated in syllabus ¶ 3 that ownership is not the test of whether property is liable to taxation but rather the uses to which property is devoted may exempt it therefrom.

When we turn to the undisputed facts and the statute under consideration in this case and apply the principles of law discussed above, we are compelled to conclude that the statutory classification contained in K. S. A. '79-201 *Second* (Weeks 1969) is discriminatory and unconstitutional as a violation of Article 11, Section 1, of the Kansas Constitution. All lots and tracts of land contained within the boundaries of a cemetery platted by a cemetery corporation are dedicated exclusively for burial purposes and cannot be used for any other purpose. (K. S. A. 17-1302, *et seq.* [Weeks 1969]; *Earhart v. Holbert,* 116 Kan. 487, 227 Pac. 351; *Davis v. Coventry,* 65 Kan. 557, 70 Pac. 583.) Since all lands in the cemetery are dedicated exclusively for burial purposes, we find no rational basis for treating differently land owned by individuals and that owned by the corporation, except ownership, which is not a permissible basis

for classification. In our judgment the rationale of *Mount Hope Cemetery Co. v. Pleasant,* supra, is controlling in this case.

Since we have determined that the 1969 amendment to 79-201 *Second* is unconstitutional, we must next determine whether or not the statutory exemption which prior law granted all lands used exclusively as graveyards stands repealed by the repealing clause contained in Section 3 of Chapter 429, Laws of 1969. In this regard the general rule is stated in *City of Kansas City v. Robb,* 164 Kan. 577, 190 P. 2d 398, to be as follows:

"Where a legislative act expressly repealing an existing statute, and providing a substitute therefor, is invalid, the repealing clause is also invalid unless it appears that the legislature would have passed the repealing clause even if it had not provided a substitute for the statute repealed." (Syl. ¶ 2.)

In applying this rule we must determine whether the legislature would have passed the repealing clause even if it had not provided a substitute for the act repealed, K. S. A. 1968 Supp. 79-201 *Second.* We have concluded that that question must be answered in the negative. We think it highly questionable that the legislature would have completely wiped out the statutory exemption heretofore provided for land used exclusively as graveyards. *Mount Hope Cemetery Co. v. Pleasant,* supra, contains a history of the statutory exemption for burial grounds in this state. In the opinion Mr. Justice Dawson points out that from the formation of the state, burial grounds have been exempted from taxation. The underlying philosophy for the statutory exemption for burial grounds is that provision for the decent interment of the dead and for the seemly and dignified maintenance of property set apart for its accomplishment is a public purpose. We have concluded that it is highly unlikely that the legislature would have totally repealed the tax exemption for burial grounds contained in K. S. A. 1968 Supp. 79-201 *Second* without providing a substitute. Hence we hold that the attempted repeal of K. S. A. 1968 Supp. 79-201 *Second* by Section 3, Chapter 429, Laws of 1969, must fall along with the attempted amendment of said section by Section 1 of Chapter 429. We wish to make it clear that our decision here does not affect in any way other provisions of Chapter 429 which have to do with statutory tax exemptions not involved in this case. We therefore hold that the statutory exemption for lands used exclusively as graveyards as provided by K. S. A. 1968 Supp. 79-201 *Second* as it existed prior to the attempted amendment in 1969 was still in full force and effect

for the tax years involved in this case and that the lots and tracts of land owned by Topeka Cemetery Association in its platted cemetery are exempted from ad valorem taxation.

The judgment of the district court is affirmed.

MILLER, J., not participating.