No. 60,125

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JOHNSON, *Appellee,* v. ST. JOSEPH HOSPITAL OF KANSAS CITY, MO., *Appellant.*

(738 P.2d 454)

Opinion filed June 12, 1987.

*Linda Ann Terrill,* of Mitchell, Kristl & Lieber, of Overland Park, argued the cause and was on the brief for the appellant.

*Bernis G. Terry,* assistant county counselor, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: This is an appeal from an order of the district court of Shawnee County, reversing an order of the Board of Tax Appeals of the State of Kansas. The Board found that certain personal property belonging to St. Joseph Hospital of Kansas City, Missouri, (St. Joseph) and warehoused in Kansas was exempt from ad valorem taxation; the district court reversed. St. Joseph appeals. The appellee is the Board of County Commissioners of Johnson County, Kansas.

The only issue on appeal is whether personal property stored in Kansas is exempt from Kansas ad valorem taxation when it is used exclusively for hospital purposes by a Missouri not-for-profit corporation which is authorized to do business as a not-for-profit corporation in Kansas.

The scope of review in an appeal from a decision of an administrative agency is quite limited. In *Kansas State Board of Healing Arts v. Foote,* 200 Kan. 447, Syl. ¶¶ 1, 2, 436 P.2d 828 (1968), we stated the rule as follows:

"A district court may not, on appeal, substitute its judgment for that of an administrative tribunal, but is restricted to considering whether, as a matter of law, (1) the tribunal acted fraudulently, arbitrarily or capriciously, (2) the administrative order is substantially supported by evidence, and (3) the tribunal's action was within the scope of its authority.

"In reviewing a district court's judgment, as above, this court will, in the first instance, for the purpose of determining whether the district court observed the requirements and restrictions placed upon it, make the same review of the administrative tribunal's action as does the district court."

Decisions of the Board of Tax Appeals are subject to the same limited judicial review as are the decisions of other administrative tribunals. *Board of Johnson County Comm'rs v. J. A. Peterson Co.*, 239 Kan. 112, 114, 716 P.2d 188 (1986); *T-Bone Feeders, Inc. v. Martin*, 236 Kan. 641, 645, 693 P.2d 1187 (1985).

Whether certain property is exempt from ad valorem taxation is a question of law if the facts are agreed upon. *T-Bone Feeders, Inc. v. Martin*, 236 Kan. at 645. In this case, there are no factual disputes. St. Joseph Hospital is a Missouri not-for-profit corporation, authorized to do business in Kansas. St. Joseph's main facility is a hospital located one block east of the Kansas line in Kansas City, Missouri. St. Joseph stores medical supplies, medical equipment, and office furniture at a material management center in Overland Park, Kansas. No wholesale or retail sales are made from the center. The items are merely stored there and are supplied to the hospital on request, and the hospital remains the owner of the supplies, equipment, and furniture at all times. The property is used exclusively for hospital purposes.

St. Joseph applied to the Johnson County Appraiser for an ad valorem tax exemption for the property stored at the material management center and used for hospital purposes at St. Joseph Hospital in Kansas City, Missouri. The county appraiser recommended that the exemption be denied and that a hearing be held before the Board of Tax Appeals. At that hearing, the Johnson County Commissioners opposed the exemption, contending that the statutory exemption applies only to property used by hospitals located in Kansas. The Board of Tax Appeals granted the exemption, and denied a motion for rehearing. The Board of County Commissioners then took an appeal to the district court of Shawnee County. The district court reversed, finding that the statutory exemption applies only to hospitals operating in Kan-

sas. The court found that the Board of Tax Appeals incorrectly stated and applied the law, and held that the Board's order was not substantially supported by the evidence because St. Joseph did not clearly show that it was entitled to an exemption. St. Joseph brings this appeal.

The action of the Board of Tax Appeals was clearly within its statutory authority. K.S.A. 1986 Supp. 79-213. Thus, under the limits of review available under the rule stated above, the only remaining questions are whether the Board of Tax Appeals acted fraudulently, arbitrarily, or capriciously, and whether the Board's order is substantially supported by the evidence.

The rules and legal principles governing Kansas cases in which exemption from ad valorem taxation is claimed were stated by Justice (now Chief Justice) Prager in the *T-Bone Feeders* case as follows:

"(1) Taxation is the rule; exemption is the exception. All doubts are to be resolved against exemption and in favor of taxation. [Citation omitted.]

"(2) Constitutional and statutory provisions exempting property from taxation are to be strictly construed. [Citations omitted.]

"(3) The burden of establishing exemption from taxation is on the one claiming it. [Citation omitted.]

"(4) The question is not whether or not the property is used partly or even largely for the purpose stated in the exemption provisions, but whether it is used exclusively for those purposes. [Citations omitted.]

"(5) The phrase 'used exclusively' in the constitution and statutes means that the use made of the property sought to be exempted from taxation must be only, solely, and purely for the purposes stated, and without participation in any other use. [Citation omitted.]" 236 Kan. at 645-46.

The statutory exemption for hospital property is contained within K.S.A. 1986 Supp. 79-201b:

"The following described property, to the extent herein specified, shall be and is hereby exempt from all property or ad valorem taxes levied under the laws of the state of Kansas:

"*First.* All real property, and tangible personal property, actually and regularly used exclusively for hospital purposes by a hospital as the same is defined by K.S.A. 65-425, and amendments thereto, . . . which hospital . . . is operated by a corporation organized not for profit under the laws of the state of Kansas or by a corporation organized not for profit under the laws of another state and duly admitted to engage in business in this state as a foreign, not-for-profit corporation."

K.S.A. 65-425, insofar as pertinent here, states as follows:

"As used in this act: (a) 'General hospital' means an establishment with an organized medical staff of physicians; with permanent facilities that include inpatient beds; and with medical services, including physician services, and continuous registered professional nursing services for not less than twenty-four (24) hours of every day, to provide diagnosis and treatment for four or more nonrelated patients who have a variety of medical conditions.

" 'Special hospital' means an establishment with an organized medical staff of physicians; with permanent facilities that include inpatient beds; and with medical services, including physician services, and continuous registered professional nursing services for not less than twenty-four (24) hours of every day, to provide diagnosis and treatment for four or more nonrelated patients who have specified medical conditions.

. . . .

"(i) 'Hospital' means 'general hospital' or 'special hospital.' "

K.S.A. 65-425 is the first section of an act providing for the licensing, inspection, and regulation of hospitals within the State of Kansas.

St. Joseph is a "hospital" as defined in 65-425. There is no dispute that the property stored in St. Joseph's material management center is used exclusively for hospital purposes. Finally, there is no dispute that St. Joseph Hospital of Kansas City, Missouri, is a not-for-profit corporation organized under the laws of Missouri and authorized to do business in Kansas as a foreign, not-for-profit corporation.

St. Joseph meets the precise literal requirements of K.S.A. 1986 Supp. 79-201b. The Board of Tax Appeals' order was substantially supported by the undisputed evidence, and it cannot be said that the Board acted arbitrarily, capriciously, or fraudulently, unless it incorrectly applied the law.

The district court found, in essence, that there was implied in 79-201b an additional requirement: that the hospital must be operating in Kansas in order to qualify for exempt status. The court relied upon *State v. Holcomb*, 85 Kan. 178, 116 Pac. 251 (1911), and *Trustees of Marsh Foundation v. Railway Co.*, 116 Kan. 175, 225 Pac. 1029 (1924). *Holcomb* was concerned with the possible exemption of a waterworks plant located wholly in Wyandotte County, Kansas, but owned by the City of Kansas City, Missouri. The applicable constitutional provision and statutes mentioned the exemption of state, county, city, and munic-

ipal property, but made no mention of property owned by any governmental unit outside of the State of Kansas. We said:

"The legislature, in enacting laws relating to taxation and to exemption from taxation, must be deemed to have understood the extent of its power and to have had in mind our own state and the counties, cities, and school districts within the State for which it was empowered to legislate. [Citations omitted.] It is true that the constitutional provision relating to taxation [Const. art. 11, § 1] does provide that all property used exclusively for 'municipal' purposes shall be exempt, but the fact that the provision does not expressly say that the constitution is made for Kansas is not a good basis for an inference that the framers were attempting to regulate and protect the municipalities of other states." 85 Kan. at 181-82.

While the language of the *Holcomb* opinion would indicate that the property of a Kansas City, Missouri, hospital would be subject to Kansas taxation, we note that the statutes under which *Holcomb* was decided do not mention property owned by the municipalities of other states, while the act now before us specifically includes the property of hospitals operated by not-for-profit corporations organized under the laws of another state and duly admitted to engage in business in this state. We also note that the legislature subsequently determined that the Kansas City, Missouri, waterworks located within Kansas should be exempt from Kansas ad valorem taxes. K.S.A. 79-201a *Fourteenth*; K.S.A. 79-205. By those enactments, the legislature specifically authorized the exemption of property located in Kansas but owned by a Missouri municipal corporation.

*Trustees of Marsh Foundation* involved the exemption from Kansas inheritance taxes of a bequest to a charitable home and school in Ohio. In finding the bequest taxable, we reviewed the relevant statutory and constitutional provisions and concluded that the exemption from taxation of the property of educational or charitable institutions provided for in the Constitution and statutes refers to educational and charitable institutions of Kansas, and not to those of another state. We said:

"The exemption from taxation of the property of educational or charitable institutions provided for in the constitution and statutes refers to educational and charitable institutions of Kansas and not to those of another state." 116 Kan. 175, Syl. ¶ 1.

*Marsh* was decided upon judicial interpretation of § 1 of art. 11 of the Constitution of Kansas, and upon R.S. 1923, 79-1501. Both the Constitution and the statute contain only general language exempting the property of charitable institutions. In con-

trast, the exemption provided in the present case is based upon the more specific language which clearly exempts property used by hospitals operated by foreign not-for-profit corporations which are authorized to do business as not-for-profit corporations in Kansas. Also, as is the case with the judicial pronouncement in *Holcomb*, the *Marsh* doctrine has been discarded by the legislature, and bequests, legacies, devises, or gifts to any charitable organization organized under the law of the United States, any state, the District of Columbia, or any possession of the United States are now exempt from inheritance taxes in Kansas. See K.S.A. 79-1537c, which adopts the description of charitable organizations found in 26 U.S.C. § 170(c) (1982).

There are three factors which weigh in favor of the district court's decision. First, as this court noted in *Marsh*, the rationale behind tax exemptions for charitable organizations is that these entities confer some benefit on Kansas residents. Second, as the *Holcomb* court noted, the legislature's failure to specifically limit an exemption's applicability to Kansas organizations does not necessarily mean that the legislature intended to protect out-of-state hospitals. And finally, the legislature's authority to exempt property from taxation is limited. In *Topeka Cemetery Ass'n v. Schnellbacher*, 218 Kan. 39, 42, 542 P.2d 278 (1975), we noted:

"The legislature has the authority to provide that property other than that named in the constitution may be exempt from taxation, but this exemption must have a public purpose and be designed to promote the public welfare."

While these factors support the district court's opinion, they do not require its affirmance. First, St. Joseph Hospital does confer a benefit on Kansas residents. The district court found that about 25% of the patients at the hospital are Kansas residents. The hospital is a large metropolitan one, situated only one block from the eastern border of this state, adjacent to the highly populated area in northeast Johnson County. Second, K.S.A. 1986 Supp. 79-201b refers only to K.S.A. 65-425, which defines hospitals in general, but does not include any license or geographic requirements. The legislature could have easily referred to K.S.A. 65-425 *et seq.*, which would have included the Kansas licensing statute, had the legislature intended to limit the tax exemption to Kansas hospitals. We note that the legislature has specifically

referred to licensed hospitals in other sections of the Kansas statutes. See K.S.A. 65-442 and K.S.A. 65-450. Third, 79-201b explicitly applies to property of hospitals operated by foreign not-for-profit corporations authorized to do business as such in Kansas. Again, the legislature could have easily limited the exemption to hospitals operating in Kansas. Finally, we note that under K.S.A. 79-1537c, cited above, all bequests, legacies, devises, or gifts made now to out-of-state charitable organizations would be exempt from Kansas inheritance taxes. This is true whether the organization confers a direct benefit upon Kansas citizens or not. There is no question here but that St. Joseph Hospital provides services to and thus confers a direct benefit upon residents of this state.

Giving the statute strict construction, we conclude that there is no requirement that the hospital be operated in Kansas. The order of the Board of Tax Appeals was within the scope of its authority; it is supported by substantial evidence; and the Board's action is not fraudulent, arbitrary, or capricious. It did not misconstrue or misapply the statute.

Accordingly, the order of the district court is reversed and the order of the Board of Tax Appeals of the State of Kansas, granting the application of St. Joseph Hospital for exemption from ad valorem taxes for the property located at its material management center, 9245 Flint, in Overland Park, Kansas, is affirmed.