(43 P.3d 828)
No. 87,219

IN THE MATTER OF THE APPLICATION OF AMERICAN WARRIOR, INC. FOR EXEMPTION FROM AD VALOREM TAXATION IN NESS COUNTY, KANSAS.

Opinion filed April 5, 2002.

*Linda Terrill* and *Benjamin J. Neill*, of Neill, Terrill & Embree, L.C., of Overland Park, for the appellant.

No appearance for the appellee.

Before LEWIS, P.J, PIERRON and BEIER, JJ.

PIERRON, J.: American Warrior, Inc. (AWI) appeals the Board of Tax Appeals' (BOTA) denial of its application for exemption from ad valorem taxation.

Under authority of Article 11, § 13 of the Kansas Constitution, AWI submitted an application for ad valorem tax exemption to BOTA and requested a hearing.

BOTA received the application on June 24, 1999, and scheduled the hearing for August 24, 1999.

On August 16, 1999, AWI notified BOTA that the application was for preapproval of the tax exemption and requested the scheduled hearing be cancelled. AWI requested BOTA "to determine its approval of our request based on the merits of the project and the support of the county."

On August 20, 1999, BOTA refused to act on the application until the project was complete. BOTA indicated it would cancel the hearing and hold the application until the new business commenced operations.

After making several requests for the status of the project, BOTA rescheduled the hearing for July 19, 2000. On July 14, 2000, AWI requested the rescheduled hearing be postponed again due to further delays in the project. On July 17, 2000, BOTA's counsel indicated BOTA would postpone the hearing until AWI commenced

operations and requested additional status reports. On March 17, 2001, AWI informed BOTA the project was operational.

BOTA received the completed packet on March 20, 2001. It published its order on April 11, 2001, without a hearing. Citing the definition of "manufacturer" found in K.S.A. 79-201m, BOTA found AWI did not qualify for the constitutional ad valorem tax exemption.

Specifically, BOTA found:

"[T]he applicant's use of the property is not an exempt use because the collection and sale of natural gas and its by-products is not manufacturing. The applicant does not transform, refine or combine the gas with any other material to convert it to another form. The Board concludes that, because the collection and sale of natural gas and its by-products cannot be classified as manufacturing, research and development, or storage of goods or commodities, the Board finds that the applicant has failed to comply with the requirements of the Kansas Constitution."

On April 24, 2001, AWI sought reconsideration of BOTA's decision and again asked for a hearing. AWI explained the Ness County plant converted substandard natural gas into at least two other products:

"Through the processes involved in the Ness Gas Plant operation, which include compression and cooling to below 250 degrees below 0, the gas is transformed and refined into the two marketable products, helium and compressed industrial gas. These products are delivered to tank trucks and pipeline for sale at the plant outlet."

In a memorandum order certified May 1, 2001, BOTA acknowledged AWI's timely request and denied reconsideration without hearing, because "no new or additional evidence is offered that would persuade [BOTA] the original order should be modified or that reconsideration should be granted."

AWI made timely petition for judicial review May 29, 2001.

Judicial review of a state administrative agency is authorized under the Kansas Act for Judicial Review (KJRA), K.S.A. 77-601 *et seq*. The taxpayer has the burden of showing the action taken by BOTA was erroneous. K.S.A. 77-621(a). *In re Appeal of Water Dist. No. 1 of Johnson County*, 26 Kan. App. 2d 371, 372, 988 P.2d 267, *rev. denied* 268 Kan. 846 (1999).

In April 1986, the legislature passed the legislation for what was to become Article 11, § 13 of the Kansas Constitution. This legislation allowed localities to exempt certain properties within their jurisdiction from ad valorem taxation for 10 years. Prior to this amendment, only the legislature had authority to authorize these exemptions. The original amendment made no explicit provision for review of these exemptions by BOTA. L. 1986, ch. 423, sec. 1. As early as January 13, 1987, the Kansas Attorney General claimed BOTA had authority to review the exemptions approved under this section of the constitution. (See Att'y Gen. Op. No. 87-5.)

In 1990, the legislature clarified its intent and made this exemption process explicitly subject to the review of BOTA. Pursuant to K.S.A. 79-213(m), the applicant had to receive BOTA's approval to obtain the ad valorem exemption. L. 1990, ch. 345, sec. 4.

After the applicant provides BOTA with the documents required by K.S.A. 2001 Supp. 79-251, BOTA's decision process is governed by K.S.A. 2001 Supp. 79-213(g):

"After examination of the request for exemption, and the county appraiser's recommendation related thereto, the board may fix a time and place for hearing, and shall notify the applicant and the county appraiser of the time and place so fixed. *A request for exemption pursuant to: (1) Section 13 of article 11 of the Kansas constitution;. . . shall be deemed approved unless scheduled for hearing within 30 days after the date of receipt of all required information and data relating to the request for exemption, and such hearing shall be conducted within 90 days after such date. Such time periods shall be determined without regard to any extension or continuance allowed to either party to such request.* In any case where a party to such request for exemption requests a hearing thereon, the same shall be granted. Hearings shall be conducted in accordance with the provisions of the Kansas administrative procedure act." (Emphasis added.)

The emphasized text was added by the legislature in 1998. L. 1998, ch. 146, sec. 5.

In this case, AWI contends BOTA violated due process by issuing its order without a hearing. Since AWI requested a hearing, BOTA was required to schedule a hearing within 30 days of receipt of the complete application. By not scheduling the hearing within 30 days of March 20, 2001, AWI contends that BOTA allowed the application to be approved by operation of law.

BOTA may decide appeals without a hearing if the parties agree to submit the action to BOTA based on the record, or where there are no material facts at issue and the decision is based only on questions of law. *In re Tax Appeal of Colorado Interstate Gas Co.,* 258 Kan. 310, 318, 903 P.2d 154 (1995).

BOTA can take the position that it accepted all the facts that AWI submitted in support of its application. Therefore, no hearing was necessary. Its function was only to interpret law as applied to the given facts.

BOTA can also claim that AWI waived the hearing. AWI requested a hearing in its application, but in August 1999, AWI's controller asked BOTA to cancel the public hearing and asked BOTA to decide the application "on the merits of the project and the support of the county."

This statement could be seen as a waiver, but BOTA did not interpret it as one. On June 9, 2000, BOTA rescheduled the hearing after the "waiver."

Material issues of fact also seemed to exist after March 20, 2001. AWI had not explained the process used to extract helium and nitrogen from the waste gas input. It appears BOTA made its decision on facts not given in the record presented to it. In its initial order, BOTA stated AWI's project involved only "collection and sale of natural gas and its byproducts." This is not what AWI claimed to be doing in its Ness County plant, and AWI's claims are unchallenged.

As BOTA did not schedule a hearing in this case within 30 days of the completion of the application, the application might be deemed approved by operation of K.S.A. 79-213(g). However, the record is quite confusing as AWI requested cancellation of the hearing, and there was some difficulty in determining if there was a complete record.

We believe BOTA made its decision on the record now before us, and we may, as a matter of law, determine if property is exempt from ad valorem taxation. *Board of Johnson County Comm'rs v. St. Joseph Hosp.*, 241 Kan. 613, 614, 738 P.2d 454 (1987). We will, therefore, review the substantial issues involved.

Tax statutes are construed strictly in favor of imposing the tax and against allowing the exemption for one who does not clearly qualify. The burden of proof is on the person asserting the exemption to bring himself or herself within the exemption statute. *In re Tax Appeal of Collingwood Grain, Inc.*, 257 Kan. 237, 246, 891 P.2d 422 (1995).

AWI contends that BOTA erred by (1) challenging the county commissioners' findings; if BOTA did have the authority to review the county commissioners' factual findings, it erred by (2) not classifying its Ness County project as "manufacturing" or "refining" for purposes of Article 11, § 13 of the Kansas Constitution.

At the time the legislature added Article 11, § 13 to the Kansas Constitution, BOTA did not explicitly have the power to review these exemptions. The legislature added K.S.A. 79-213(m) in 1990. This subsection mandates BOTA review of these applications and allows hearings.

Under K.S.A. 74-2438, BOTA takes other tax appeals de novo. Even before the inclusion of 79-213(m), the executive branch believed BOTA had authority to examine the "legal and factual basis of any such exemption and to determine its merits." Att'y Gen. Op. No. 87-5. In the scheme of the statutes, there is evidence of legislative intent to allow BOTA to review and find facts. In the nature of things, BOTA's review is necessary as a curb on potential excesses. Thus, the statute was apparently designed to permit BOTA to review the determinations of county commissions. AWI's argument in this respect fails.

We must then determine whether BOTA correctly interpreted the statutes. Manufacturing is defined by Kansas statute and refined by case law.

K.S.A. 79-201m(a)(2) defines "manufacturer" as any person, company, or corporation who is "engaged in the business of transforming, refining or combining materials and labor to convert tangible personal property from one form to another including packaging."

In *Appeal of Water Dist. No. 1 of Johnson County*, 26 Kan. App. 2d at 377, this court held that the initial pressurization of river water, until it reached pumping stations, is a manufacturing pro-

cess. The pressurization of the water changed its character and quality and thus transformed the water.

Earlier, the Kansas Supreme Court had found that a grain elevator operator who blended, cleaned, dried, and aerated grain produced a different product than it received. By enhancing a product's value, the taxpayer was involved in "production, manufacture, processing, . . . refining or compounding" and gained a tax exemption. *In re Tax Appeal of Collingwood Grain, Inc.*, 257 Kan. at 251-52.

It is not disputed that AWI's Ness County plant pressurizes unmarketable natural gas. The result of the process is the splitting of unmarketable natural gas into marketable helium, nitrogen, and marketable natural gas. This appears to fit squarely within the statutory and common-law definition of manufacturing used in Kansas.

K.S.A. 2001 Supp. 74-2433 binds BOTA to the prior judicial decisions of the Court of Appeals and the Kansas Supreme Court. Therefore, we conclude, as a matter of law, that the process here qualifies as manufacturing as defined in our statute, and BOTA's finding to the contrary was in error.

Reversed.