The Honorable Barbara P. Allen State Senator, 8th District 9851 Ash Drive Overland Park, Kansas 66207
Dear Senator Allen:
You request our opinion whether 2008 Substitute for House Bill No. 2543 (2008 HB 2543) is constitutional. You explain that in Attorney General Opinion No. 2007-38, Attorney General Paul J. Morrison concluded that a prior version of this bill, 2007 HB 2543, was unconstitutional because it violated the "uniform and equal basis" provision of Article11, Section 1(a) of the Kansas Constitution.[1] In response, the House Taxation Committee asked that a substitute bill be created to address the constitutional deficiencies noted in General Morrison's opinion.[2] You now inquire whether this substitute bill is constitutional.
The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the uniform and equal basis provision in Article 11, § 1 of the Kansas Constitution prohibit favoritism among property owners in relation to property taxes.[3]
The Kansas Supreme Court has repeatedly held that in situations where public property is not at issue, the validity of tax exemptions depends solely upon the exclusive use made of the property. Ownership or the status of the taxpayer is irrelevant.[4] The reason for this rule is that a classification of private property for tax purposes, which is based solely upon ownership or status of the taxpayer, unlawfully discriminates against one citizen in favor of another and is therefore a denial of equal protection of the law.[5]
In Attorney General Opinion No. 2007-38, General Morrison determined that 2007 HB 2543 essentially created a tax exemption for improvements to real property (i.e. a new home). Once the home was occupied by the new home owner,[6] the property would then be taxed based on the market value of the property. The Attorney General concluded that this distinction in tax treatment was not based upon the property use (i.e. new home construction) but, rather, was based upon the status of the property owner — a commercial home builder versus a home buyer. Accordingly, the bill as drafted, violated Article 11, Section 1.[7]
In reaching this conclusion, the four-prong test set forth in State exrel. Tomasic v. City of Kansas City[8] was applied. Those four prongs are: (1) Whether the exemption furthers the public welfare; (2) whether the exemption provides for substantial peculiar benefit; (3) whether the exemption provides for large accumulations of tax-exempt property; and (4) whether the exemption is an improper or preferential classification of property.
As stated in the previous opinion, courts give great deference to legislative decisions concerning the first three prongs of theTomasic test.[9] Thus, we will not address the first three prongs here. However, the fourth prong of the test establishes a legal standard and requires us to determine whether the proposed tax exemption in 2008 HB 2543 complies with the "uniform and equal" rule set forth in the Kansas Constitution, Art. 11, § 1. Accordingly, our discussion centers on whether the new bill creates an unconstitutional or preferential classification based upon ownership.
The language of 2008 HB 2543 is very similar to that of the 2007 bill. The material change appears to be the reclassification of new home construction as "inventory" of the builder when the property is intended to be sold for residential use. 2008 HB 2543 provides, in part:
 "[F]or all taxable years commencing after December 31, 2008, any newly constructed building or other structure on real property intended for residential uses which is a single family or multi-family unit of four units or less and to be sold by the builder thereof shall be deemed the inventory of such builder and shall be exempt from all property or ad valorem taxes levied under the laws of this state until conveyed, leased or otherwise occupied for residential or office purposes."
While we could find no appellate court decisions in Kansas or any other jurisdiction addressing the propriety of classifying real property as "inventory" for taxation purposes,[10] our reading of 2008 HB 2543 is that — even assuming that the legislature can create an exemption for "inventory" consisting of real property — this proposed legislation still makes an impermissible distinction based primarily upon the status of the property owner.
By creating an exemption for a newly constructed home that the home builder intends to sell, but not according the same exemption to a newly constructed home that will not be sold, it is our opinion that this proposed bill creates an impermissible classification based on the status of the property owner.
In a similar case, Topeka Cemetery Ass'n. v. Schnellbacher,[11] the Kansas Supreme Court found unconstitutional a statute creating a tax exemption for cemetery plots owned by corporations because it did not accord the same exemption for individuals who owned cemetery plots:
 "[T]he statutory classification contained in K.S.A. 79-201 is discriminatory and unconstitutional as a violation of Article 11, Section 1, of the Kansas Constitution. All lots and tracts of land contained within the boundaries of a cemetery platted by a cemetery corporation are dedicated exclusively for burial purposes and cannot be used for any other purpose. Since all lands in the cemetery are dedicated exclusively for burial purposes, we find no rational basis for treating differently land owned by individuals and that owned by the corporation, except ownership, which is not a permissible basis for classification."[12]
[Citations omitted.]
Another case involving a tax exemption creating an impermissible classification based upon a characteristic of the taxpayer is State exrel. Stephan v. Parrish.[13] In Parrish, the Kansas Supreme Court examined a personal property tax statute that discharged property tax obligations for certain individuals who had failed to pay their personal property taxes. This exemption, which applied only to property owners who had failed, for whatever reason, to list property for taxation or who had under-reported their property was determined to be unconstitutional because the property owner who made an effort to list and report taxable property was excluded from the benefits of the exemption.
Based upon the rationale of the above-referenced cases, we conclude that 2008 HB 2543 creates a tax exemption based upon a characteristic or status of the taxpayer. Under this bill, the property use is for newly constructed homes. However, the exemption is not based upon such use. Rather, it is based upon whether the home builder/property owner intends to sell the home. As such, it is an impermissible classification and, thus, violates Article 11, Section 1 of the Kansas Constitution.
Sincerely,
Stephen N. Six Attorney General
Rebecca E. Rand Assistant Attorney General
[1] "The legislature shall provide for a uniform and equal basis of valuation and rate of taxation of all property subject to taxation." Kan. Const., Art. 11, § 1.
[2] Minutes, House Taxation Committee, March 19, 2008.
[3] Topeka Cemetery Ass'n v. Schnellbacher, 218 Kan. 39, 42 (1975). The equal protection clause of the federal constitution and the state constitution requirement of "uniform and equal basis of valuation and rate of taxation" are substantially similar; what violates one will violate the other. 218 Kan. at 43.
[4] Id.
[5] Id.
[6] [O]r two years after construction if the house remained unoccupied. 2007 H.B. 2543, § 1(a).
[7] Attorney General Opinion No. 2007-38.
[8] 237 Kan. 572, 579 (1985).
[9] Attorney General Opinion No. 2007-38 citing Lario Enterprises,Inc. v. Board of Tax Appeals, 22 Kan.App.2d 856, 860 rev. denied261 Kan. 1083 (1996).
[10] "Inventory" for taxation purposes is generally limited to personal property — not real property. Real property includes not only the land itself, but all buildings, fixtures, improvements. K.S.A.79-102. "Inventory" as used in the statutory exemption for merchants and manufacturers' inventory is defined as "tangible personal property." K.S.A. 79-201m(a)(3). See Attorney General Opinion No. 89-148 (newly constructed homes are not "inventory" for purposes of the constitutional exemption for merchants and manufacturers' inventory). While footnote 15 in Attorney General Opinion No. 2007-38 appears to suggest that unsold homes could be classified as a commercial home builder's "inventory," this concept was not the subject of the opinion and has never been considered by this office.
[11] 218 Kan. 39 (1975).
[12] Id. at 44-45 (1975).
[13] 257 Kan. 294 (1995).