COUNTY OF HERKIMER, Appellant, *v.* VILLAGE OF HER-
KIMER et al., Respondents.

Argued December 7, 1938; decided January 17, 1939.

*Chester J. Winslow, County Attorney (Warnick J. Kernan* of counsel), for appellant. Property, title to which is acquired by a county pursuant to statute as the result of a tax sale, is held for a public use within the meaning of the Tax Law (Cons. Laws, ch. 60). *(Bush Terminal Co.* v. *City of New York,* 152 Misc. Rep. 144; *Williams* v. *Lash,* 8 Minn. 496.)

*Francis J. Moore* for respondents. The property sought to be assessed and taxed by the village of Herkimer is not being held for public use. (*People ex rel. Gould* v. *Barker,* 150 N. Y. 52; *Board of Education* v. *Baker,* 241 App. Div. 574; 266 N. Y. 636; *People ex rel. Mizpah Lodge* v. *Burke,* 228 N. Y. 245; *People ex rel. Savings Bank* v. *Coleman,* 135 N. Y. 231; *People ex rel. Delta Kappa Epsilon Society* v. *Lawler,* 74 App. Div. 553; 179 N. Y. 535; *People ex rel. Westchester Fire Ins. Co.* v. *Davenport,* 91 N. Y. 574; *Lloyd* v. *Mayor,* 5 N. Y. 369; *Bailey* v. *Mayor,* 3 Hill, 531; *Town of Huntington* v. *Bradford,* 273 N. Y. 603; *Clark* v. *Sprague,* 113 App. Div. 645; *Village of Watkins Glen* v. *Hager,* 140 Misc. Rep. 816; 234 App. Div. 904; *Pickell* v. *City of Utica,* 161 App. Div. 1; 216 N. Y. 740; *Common School District No. 3* v. *County of Chemung,* 160 Misc. Rep. 477; *Y. W. C. A.* v. *City of New York,* 217 App. Div. 406; 245 N. Y. 562; *People ex rel. Y. M. Assn.* v. *Sayles,* 32 App. Div.

197; 157 N. Y. 677; *Matter of Niagara Falls & Whirlpool Ry. Co.*, 108 N. Y. 375; *Brown v. Gerald*, 100 Me. 351.)

*Per Curiam.* Property purchased by a county at a tax sale held pursuant to the provisions of articles 6 and 7 of the Tax Law (Cons. Laws, ch. 60) is not property " held for a public use " within the meaning of section 4 (subd. 3) of the Tax Law. Section 50, subdivision 2, of the Tax Law, by its terms, applies only to the assessment rolls of " tax districts." As defined by the statute, " tax districts " do not include incorporated villages. We read the statute as it is written.

The judgment should be affirmed, without costs.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Judgment affirmed.