No. 44,245

THE BOARD OF EDUCATION OF THE CITY OF FLORENCE, OF THE STATE OF KANSAS, *Appellant*, v. IDA M. VINSON, COUNTY SUPERINTENDENT OF CHASE COUNTY, STATE OF KANSAS; HAROLD GIBB, COUNTY CLERK OF CHASE COUNTY, STATE OF KANSAS; JUANITA GIBB, COUNTY TREASURER OF CHASE COUNTY, STATE OF KANSAS; JOINT COMMON SCHOOL DISTRICT No. 3, CHASE AND MARION COUNTIES, STATE OF KANSAS; COMMON SCHOOL DISTRICT No. 2, CHASE COUNTY, STATE OF KANSAS; COMMUNITY HIGH SCHOOL DISTRICT OF CHASE COUNTY, KANSAS, *Appellees.*

(408 P. 2d 637)

Opinion filed December 11, 1965.

*Edwin G. Westerhaus* and *D. W. Wheeler*, both of Marion, argued the cause, and *David W. Wheeler*, of Marion, was with them on the brief for the appellant.

*George Robb*, of Newton, and *Karl Masoner*, county attorney, argued the cause and were on the brief for the appellees.

The opinion of the court was delivered by

HARMAN, C.: This is a pre-unification controversy between certain school districts in Chase and Marion counties.

It appears that plaintiff, appellant herein, the board of education of the city of Florence, a second-class city in Marion county, commenced annexation proceedings of territory in the Joint Common School District No. 3, Chase and Marion counties, and Common School District No. 2, Chase county, which territory was also in

two rural high school districts. The method sought to be used was by piecemeal transfers of territory based upon nine separate petitions by resident electors filed in March and April, 1962, pursuant to G. S. 1961 Supp., 72-1627. The Florence board made its orders of attachment of the territory in question and forwarded them to the county superintendent and county clerk of Chase county which officials failed to make the requested transfers upon the appropriate records. At substantially the same time it appears that pursuant to petitions for disorganization both the rural high school districts held elections and both voted to disorganize. The results of these elections were recognized by the Chase county officials and appropriate orders made, thus placing the territory into that of the Chase County Community High School.

Plaintiff filed its petition November 8, 1962, alleging the regularity of its annexation proceedings and asking (1) mandamus to compel the Chase county superintendent and county clerk to transfer the disputed territory to it, (2) for an order setting aside the disorganization order of the two rural high school districts, and (3) for an order restraining the distribution of school funds acquired by tax levy upon the land in question. The answer filed denied the validity of the annexation proceedings and challenged the good faith thereof. Trial was eventually had upon stipulation of facts and introduction of testimony. The court rendered an initial opinion January 31, 1964, and a supplemental one July 6, 1964. It held valid the transfer proceedings based on two of the petitions, and, for various shortcomings, held the balance to be invalid and it also denied the relief mentioned in subsections (2) and (3), *supra.* Plaintiff's appeal therefrom was initially docketed in this court March 10, 1965.

Appellees have now requested this court to take judicial notice under K. S. A. 60-409 and 60-412 of certain facts and legislation occurring since this controversy commenced, giving notice thereof, and now urge dismissal of the appeal for the reason this court could not now render an effectual judgment and for the further reason the case has become moot.

As mentioned, this case was filed November 8, 1962. On May 15, 1963, what is now known as the "first unification act," being K. S. A. 72-6734, *et seq.,* became effective. This was a broad comprehensive act prescribing a new type of school district intended to embrace all land within the state of Kansas, with all districts operating under a uniform law, and was enacted by the legislature pur-

suant to its constitutional mandate to provide equal educational opportunities for all children in Kansas. The particular method of doing so was held to be constitutional in *Tecumseh School District v. Throckmorton*, 195 Kan. 144, 403 P. 2d 102, in which the interested reader will find a more complete discussion. The instant case was heard at various dates in 1963, the last occurring July 16, 1963. Meanwhile, pursuant to the first unification act planning boards were convened in both Chase and Marion counties; complete plans were produced for each county, which plans were approved by the state superintendent of public instruction. The electors in Chase county approved the plan; the voters in Marion county did not. The Chase county planning district, which includes virtually all of the now disputed territory, has been declared a unified district by the state superintendent, being designated "Unified District No. 284 of Chase County, Kansas." This district was validated by action of the 1965 legislature (Laws of 1965, ch. 420, § 1) as a part of the "second unification act." We are also advised that plaintiff has now petitioned the state superintendent to become a unified district under the school unification acts, but it appears to be controverted as to whether or not the territory involved in this case was included in its petition.

In any event it is difficult to see how any order this court might make in the premises could be effectual in carrying out any intended purpose. The movement for school unification commenced prior to this litigation; it has not been stayed in any way but has continued during the course of the litigation in an orderly fashion; and the situation has changed. Clearly the passage of time has militated against the position, right or wrong, of the Florence school board as to the disputed area. If the requested order in mandamus directed to the Chase county superintendent (and other officials) were to issue she could hardly comply with it and if she attempted to do so it would be an ineffectual act. The state superintendent of public instruction, in whom ultimate power to organize school districts and to give final approval of transfers of territory now generally rests, is not a party to this litigation and his action cannot be controlled thereby. It is not made to appear how new boundaries established under new laws can be affected or how effective relief could be granted herein. Our attention is directed to section 29 of chapter 410, Laws of 1965, (known as the "third unification act") which provides:

"Nothing contained in the second unification act shall be construed to retroact upon any controversy which has proceeded to summary judgment or judgment on the merits in any district court."

It should be reiterated that unification procedures are not here involved. The second unification act generally supplemented the first and further provided for interim financing and government of school districts within the transitional period besides validating certain districts. Although a valid unified district appears as an accomplished fact, the court does not rely on anything in the second unification act as dispositive of this appeal, and the purported exemption proviso is simply not applicable here.

Plaintiff's second cause of action was to declare void the disorganization of the two rural high schools. These districts have gone out of existence and whether the disorganization process was void or not cannot now make any difference and is moot. Plaintiff's third cause of action sought to restrain disbursement of certain previously acquired school tax funds. These together with those of succeeding years have long since been disbursed, no temporary orders of restraint having been secured. While this particular cause has been abandoned it serves to illustrate the difficulty the court would have in taking any kind of affirmative action.

This court has held many times that it will not consider a moot question and it is equally well established that where, by reason of lapse of time, circumstances have changed so that the court cannot render a judgment which can be made effective the appeal will be dismissed (see 1 Hatcher's Kansas Digest, rev. ed., Appeal and Error, §§ 6, 7, 385-389; 2 West's Kansas Digest, Appeal and Error, §§ 781, 790). In view of the foregoing, appellees' motion to dismiss is sustained and the appeal is dismissed.

APPROVED BY THE COURT.