(713 P.2d 489)

No. 57,674

Bruce W. Gonzales, *Appellant*, v. State of Kansas, Department of Revenue, *Appellee*.

Opinion filed January 30, 1986.

*Robert V. Eye* and *Pantaleon Florez, Jr.*, of Irigonegaray, Eye & Florez, of Topeka, for appellant.

*Brian Cox*, of Kansas Department of Revenue, of Topeka, for appellee.

Before Parks, P.J., Rees, J., and Stephen D. Hill, District Judge, assigned.

Rees, J.: Upon appeal from a Division of Vehicles driver's license suspension order, the Shawnee County District Court affirmed the Division's 120-day suspension of plaintiff Bruce W. Gonzales' driver's license for unreasonable refusal, on October 7, 1983, to submit to a chemical breath test. Gonzales appeals from the district court judgment.

At the threshold, the record reveals that upon Gonzales' application the suspension of his driver's license ordered by the Division was stayed pending the de novo hearing on appeal to the district court for which he petitioned. However, the record also reveals that the suspension affirmed by the district court was not stayed pending this appeal to us; that Gonzales lodged no motion for a stay of the suspension order following the district court adjudication; and that the 120-day suspension period has run. Thus, there is raised the question whether this appeal should be dismissed as moot.

Mootness is a rule of policy under which a court will not render opinions in matters where judgment could have no practical effect on a then existing controversy. *State, ex rel., v. Engler*, 181 Kan. 1040, 1042, 317 P.2d 432 (1957). The rule

operates even in cases involving questions of great public interest. *Dickey Oil Co. v. Wakefield,* 153 Kan. 489, 111 P.2d 1113 (1941). However, since mootness does not affect the court's jurisdiction, the court will proceed to judgment whenever dismissal of an appeal adversely affects rights vital to the parties, even where its judgment will not be enforceable because of lapse of time or other changed circumstances. *State, ex rel., v. Engler,* 181 Kan. at 1042. See, *e.g., Moore v. Smith,* 160 Kan. 167, 160 P.2d 675 (1945). See also *City of Roeland Park v. Cross,* 229 Kan. 269, 623 P.2d 1332 (1981).

Gonzales argues this appeal should not be dismissed because there now is of record the suspension of his driver's license for unreasonable refusal to submit to a chemical breath test. We do not find that fact in and of itself prevents dismissal. Gonzales has not shown us, nor are we aware, of any situations in which a driver's license suspension—unlike a DUI conviction or license revocation—on a driver's record enhances or otherwise affects later rights, penalties, convictions or proceedings. We see no rights vital to the driver or any other interested party that may be adversely affected by dismissal. *Cf. State v. Jones,* 220 Kan. 136, 137, 551 P.2d 801 (1976). Accordingly, we hold this appeal is moot and should be dismissed. See *Graves v. State Board of Pharmacy,* 188 Kan. 194, 362 P.2d 66 (1961).

Appeal dismissed.