Dear Mr. Walker:
Your recent inquiry has been referred to me for attention. Your questions, as I understand them, are as follows:
 Whether it is possible to separately assess land and a building owned by the City of New Orleans from the assessment of the leasehold improvements therein; and
 Whether the property owned by the City, which will be leased for public purpose of improvement of the downtown area as well as the restoration of this building to its original historic elevations, should be exempt from ad valorem real estate taxation despite the rental received by the City?
The D. H. Holmes Canal Street property acquired by Dillard's was then donated by the latter for the restoration, improvement and development of the Central Business District to the Canal Street Development Corporation which was created by the City pursuant to the public benefit law. R.S. 41:1215. The Public Benefit Corporation intends to lease this property to a developer who expects to spend approximately $20,000,000 in improvements whereby the property will be converted into a hotel, entertainment center, parking garage and apartments. The title to the leasehold improvements will belong to the developer, and the developer will pay taxes on these improvements while the City has title to the land and building. Therefore, an assessment is sought separately for the lessees' leasehold improvements, but the assessor questions this procedure.
We have no doubt that property owned and used by the City for a public purpose is not subject to ad valorem taxation. Art. 7, Sec. 21 La. Const. 1975. However, property owned by the City and leased to a private entity strictly for private purpose has no exemption and must be assessed. As observed by the Court in Schulingkamp v. Heaton, 455 So.2d 1181
(La.App. 1984), "Allowing improvements on tax exempt property to be themselves tax exempt when used for a private purpose would lead to very inequitable results in this City's tax scheme."
Therefore, in answer to your first question, we can see no reason why the separate assessments sought by the City and the leasehold interest should not be done in order to properly exempt that portion subject to exemption and taxation of that which should be taxed.
As concluded by this office in Attorney General Opn. No. 76-114, our office does not have the authority to make a decision as to whether any particular taxpayer is exempt, as that decision is based upon a factual determination, but we can furnish our opinion as to the applicable law which may be used in making individual decisions.
As observed above, Article 7, Section 21 of the Constitution of 1974 exempts from ad valorem taxation "Public lands, other public property used for public purposes." Therefore, the question is not simply whether the title is in a public entity, but the use of the land must also be considered. Moreover, the fact that public property is leased to private business does not preclude it from being for a public purpose which would likewise be exempt.
In Charleston County Aviation v. Wasson,289 S.E.2d 416 (S.C. 1982) the Constitution provided exemption from taxation would extend to "all property of the state, counties, municipalities, school districts and other political subdivisions, if the property is used exclusively for public purpose." The question therein was whether property of the Charleston County Aviation Authority was exempt, and the Court observed the fact that property is used by a private business entity does not preclude the use from being for a public purpose. It was concluded air transportation, land transportation, a place to park and available food all are customarily performed by private business but are recognized as a necessary part of an airport and incidental to the public use. However, two of the lessees that provided a terminal, fuel and repair facilities and other incidental services and charters were found to be used for a non-exclusive public purpose in that "the primary beneficiaries of the use of this property are the two private companies." The Court found as a general rule a public purpose has for its objective the promotion of public health, safety, morals, general welfare, security, prosperity and contentment of all inhabitants or residents or at least a substantial part thereof. State v. Cityof Columbia. 115 S.C. 108, 104 S.E. 337 (1920). is cited wherein the Court held the leasing of a theater in the City hall to a private person still qualified as a public purpose where the revenue was incidental for it was an expedient way of giving effect to the public purpose for which the theater was often used. Therefore, when the use is for a public purpose, an incidental private use or benefit will not negate or alter that public purpose and use of the property.
Similar reasoning is seen in Tri-County PublicAirport Authority v. Board of County Commissioners, 245 Kan. 301,777 P.2d 843, (1989) and Salina Airport Authority v. Board of TaxAppeal, 13 Kan. App. 2d 80, 761 P.2d 1261, (1988), where the Court sought to determine if there was governmental use, stating the mere fact the authority received rental income does not constitute "use" within the statute when there was no public function of government being carried out upon the leased property. The ownership of the property which produces revenues which finance governmental functions was not within the meaning for a tax exemption.
Likewise, in Town of Harrison v. Co. of Westchester,246 N.Y.S.2d 593, 196 N.E.2d 240, (1963), the Court held while the revenues of hangers leased for private use help to defray the expense of operating the public airport, it was not sufficient to render the use of the property public since the property itself must be devoted to a public use. See also, BDT Inc. v. Moore,260 Ark 581. 543 S.W.2d 220 (1976).
In order to assist in a determination of whether property qualifies for exemption the actual activities of the lessor, the purpose of the corporation's charter and use of the particular portion of the property under consideration should be examined and how this relates to a public purpose.
It must be concluded that property cannot be exempt when it serves no governmental function or is not reasonably incidental to the governmental function. The fact that the property will produce revenues which go toward financing governmental functions will not be sufficient to bring property within the purview of the exemption, nor would such ancillary public benefits as set forth in the donation in question of "increased employment opportunities, increased tourism, aesthetic improvements to the area", be such incidental governmental functions to bring the property within the constitutional tax exemption. Moreover, as reasoned in the Schulingkamp case, supra, "To tax private lessees of private lands and not to tax private lessees of public lands would be unjust and inequitable."
We hope this guideline will be of assistance in answer to your second question as to whether property owned by the City and leased for public purpose of improvement of the downtown area should be exempt from ad valorem taxation.
If we can be of further assistance, please do not hesitate to contact us.
Yours very truly,
 WILLIAM J. GUSTE. JR. Attorney General
 __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR:atb
cc: Moise S. Steeg, Jr., Esq. Steeg O'Connor 201 St. Charles Ave. Suite 3201 New Orleans, La. 70170