Philip E. Winter Lyon County Counselor 402 Commercial Emporia, Kansas 66801
Dear Mr. Winter:
You request our opinion regarding the property tax exemption implications of leasing office space in a county owned medical office building to certain entities. We are told that the entities are composed of persons who, by definition, are not engaged in the practice of the healing arts.
K.S.A. 1995 Supp. 79-201a Second is the provision you ask us to interpret. It provides in part:
 "The following described property, to the extent herein specified, shall be exempt from all property or ad valorem taxes levied under the laws of the state of Kansas:
. . .
 "Second. All property used exclusively by the state or any municipality or political subdivision of the state. . . . The lease by a municipality or political subdivision of the state of any real property owned or being acquired pursuant to a lease-purchase agreement for the purpose of providing office space necessary for the performance of medical services by a person licensed to practice medicine and surgery or osteopathic medicine by the board of healing arts pursuant to K.S.A. 65-2801 et seq., and amendments thereto, shall be construed to be a governmental function, and such property actually and regularly used for such purpose shall be deemed to be used exclusively for the purposes of this paragraph."
Quoting Tri-County Public Airport Auth. V. Board of Morris County Comm'rs, 245 Kan. 301, 304-305 (1989), the Kansas Supreme Court states the rules for construing tax exemptions in In re Tax Exemption Application of the City of Wichita, 255 Kan. 838 (1994):
 "Taxation is the rule, and exemption from taxation the exception under the Kansas Constitution and statutes. [Citations omitted.]
 Constitutional and statutory provisions exempting property from taxation are to be strictly construed against the one claiming exemption, and all doubts are to be resolved against exemption. [Citations omitted.]
 Where the language of a statute, in particular, is relied upon as creating an exemption from taxation, it must be strictly construed against the party claiming the exemption, and he must bring himself clearly within the exemption. [Citations omitted.]
 Strict construction, however, does not warrant unreasonable construction. [Citation omitted.]" 255 Kan. at 842.
Clearly, without the above quoted provision from K.S.A. 1995 Supp.79-201a, a lease arrangement whereby county property is leased to a private entity for use by that private entity is not an exclusive use of the property by the government or for governmental purposes. See Tri-County, 245 Kan. at 307-311; Salina Airport Authority v. Board of Tax Appeals, 13 Kan. App. 2d 80, 82-85 (1988). K.S.A. 1995 Supp. 79-201a
Second establishes some exceptions to this general rule, one of which is for the lease by a municipality or political subdivision of the state of real property owned or being acquired by a municipality or political subdivision under a lease-purchase agreement for the purpose of providing office space for the performance of medical services by a person licensed to practice certain of the healing arts. Because of the rule of strict construction, it is our opinion that if the lease to a private entity is for any purpose other than providing space necessary for performance of medical services by persons licensed to practice medicine and surgery or osteopathic medicine under the healing arts act, then the exemption would not be available.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm