*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 5, 2015            518992
_____

In the Matter of HANGAIR, LLC,
               Appellant,

      v                              MEMORANDUM AND ORDER

KATHERINE HILLOCK, as
    Assessor of the Town of
    Johnstown, et al.,
               Respondents.

(And Another Related Proceeding.)
_____

Calendar Date: January 16, 2015

Before: Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ.

_____

Garth J. Slocum, Ghent, for appellant.

David R. Murphy, Latham, for respondents.

_____

Devine, J.

Appeal from an order of the Supreme Court (Aulisi, J.), entered June 25, 2013 in Fulton County, which, in two proceedings pursuant to RPTL article 7, among other things, granted respondents' motion for partial summary judgment dismissing petitioner's claim that it is entitled to a real property tax exemption.

Petitioner executed a 25-year lease agreement with Fulton County that enabled it to construct and operate a 10-unit airplane hangar on a parcel of the County-owned airport. The hangar had been exempted from real property taxation until respondent Katherine Hillock, the assessor for respondent Town of

Johnstown, added the hangar to the Town's tax assessment rolls for 2011 and 2012. Petitioner's complaints challenging the assessments for both years were denied by respondent Town of Johnstown Board of Assessment Review. As a result, petitioner commenced these special proceedings pursuant to RPTL article 7 seeking, among other things, a declaration that the hangar is tax exempt pursuant to RPTL 406 (1) as a property that was open and available for use by the general public. Respondents moved for partial summary judgment dismissing petitioner's claim that it was entitled to a tax exemption. Supreme Court granted the motion and petitioner appeals. We affirm.

Where, as here, a municipality decides to eliminate a previously granted tax exemption, it has the burden of "'proving that the real property is subject to taxation'" (Matter of Lackawanna Community Dev. Corp. v Krakowski, 12 NY3d 578, 581 [2009], quoting Matter of New York Botanical Garden v Assessors of Town of Washington, 55 NY2d 328, 334 [1982]; accord Matter of Pine Harbour, Inc. v Dowling, 89 AD3d 1192, 1193 [2011]). Faced with the burden of demonstrating that petitioner was not eligible for an exemption inasmuch as the hangar, as is relevant here, was not "held for a public use" (RPTL 406 [1]), respondents had to show that the hangar was not "'occupied, employed, or availed of, by and for the benefit of the community at large'" (Town of Harrison v County of Westchester, 13 NY2d 258, 263 [1963], quoting County of Herkimer v Village of Herkimer, 251 App Div 126, 128 [1937], affd 279 NY 560 [1939]).[1] That a private corporation "derives a benefit or that [a] county has leased the property to a private party does not by itself defeat the exemption" (Matter of County of Clinton v Drollette, 6 AD3d 968, 970 [2004], lv denied 3 NY3d 606 [2004] [internal quotation marks and citation omitted]). A determination that a parcel is exempt from real property taxation turns on whether it has a "'public use' . . . that enhances the health, education, safety, or welfare of the residents of the municipality" (id. at 970

---

[1] Respondents do not dispute that Fulton County is the beneficial owner of the hangar (compare Matter of Spectapark Assoc. v City of Albany Dept. of Assessment & Taxation, 12 AD3d 800, 801 [2004], lv denied 4 NY3d 705 [2005]).

[internal quotation marks, citation and emphasis omitted]).

The record reveals that the hangar is locked at all times and is not accessible to members of the general public; access to the bays is strictly limited to petitioner's three members and parties who execute rental agreements with petitioner. John Eisler, a member of petitioner, averred that he and another founding member occupy two bays of the hangar and that a corner office within the hangar is rented to a flight instructor for a monthly fee. The remaining bays are occupied by private lessees who are given keys to unlock and gain access to their respective units. These lessees use the hangar to store their privately owned aircraft, none of which provide charter flights or other public services. While petitioner insists that the hangar is completely accessible to the general public, that the bays may be rented by any individual who requires storage space for a privately owned airplane does not warrant a finding that the hangar is being used to serve "the general public or for any other purpose redounding to the benefit or advantage of the general community" (Town of Harrison v County of Westchester, 13 NY2d at 263).

Petitioner emphasizes that a bay in the hangar may be used to provide shelter to a non-lessee airplane during periods of inclement weather; however, such emergency access would be dictated by availability, namely, when a tenant aircraft has temporarily vacated its bay. Therefore, "this occasional public use is no more than incidental to the tenant's use" and fails to qualify as a public use as contemplated by RPTL 406 (1) (Matter of Chemung County v Hartman, 24 AD2d 1063, 1063 [1965]). The record overwhelmingly supports Supreme Court's determination that the hangar was not serving members of the general community, but, rather, existed to benefit a few private individuals, thereby justifying the elimination of petitioner's tax exempt status.

Petitioner's remaining arguments have been considered and found to be unavailing.

Lahtinen, J.P., Egan Jr. and Lynch, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court