NOT DESIGNATED FOR PUBLICATION

No. 113,691

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROY ALLEN MCBRIDE, JR.,
*Appellee*,

v.

MICHELLE NICOLE PFANNENSTIEL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed May 6, 2016. Appeal dismissed.

*Julie McKenna*, of McKenna Law Office, P.A., of Salina, for appellant.

No appearance by appellee.

Before MCANANY, P.J., PIERRON and SCHROEDER, JJ.

*Per Curiam:*  Michelle N. Pfannenstiel appeals the district court's protection for stalking order entered against her. She argues that the evidence was insufficient to support entry of the order. McBride has not filed an appellate brief in this case.

In April 2014, Pfannenstiel and Roy A. McBride, Jr., were divorced. In that proceeding, the parties were ordered to contribute equally to their joint 2013 tax obligations.

In May 2014, just a month after their divorce, Pfannenstiel filed a protection from abuse (PFA) action against McBride. A temporary PFA order was entered against McBride.

In June 2014, Pfannenstiel claimed that McBride violated the PFA order by posting a message on her Facebook page commenting on a photo. McBride was arrested and charged in Salina Municipal Court with violating the temporary PFA order.

In August 2014, Pfannenstiel's May 2014 PFA action was voluntarily dismissed.

Starting on August 25, 2014, there was an exchange of emails between the parties. Pfannenstiel sent McBride an email with a document from Lowe's showing that McBride was removed from the account. McBride responded, advising Pfannenstiel that the 2013 taxes were done. Pfannenstiel responded, asking whether McBride had removed her from the loan on a mini-storage unit. McBride replied that the bank would not release Pfannenstiel from the loan. Pfannenstiel responded on September 1, 2014, that under the divorce decree McBride was responsible for removing her name from the loan by the end of September, and "unless you want to be held in [c]ontempt of [c]ourt, I suggest you figure out a way to get that accomplished."

On February 5, 2015, McBride entered a no-contest plea in municipal court, and he was sentenced to unsupervised probation. The municipal court entered an order that McBride have no contact with Pfannenstiel, who apparently was present at the hearing and aware that the no-contact order had been entered against McBride. That evening, Pfannenstiel sent McBride another email, asking him if he had paid his half of the 2013 income taxes.

The following day, February 6, 2015, McBride petitioned the Dickinson County District Court for a protection from stalking (PFS) order against Pfannenstiel. He alleged

2

various instances in which he contended that Pfannenstiel sought to induce him to violate court no-contact orders in an attempt to have him arrested. The district court issued a temporary PFS order in favor of McBride and against Pfannenstiel.

On March 17, 2015, the district court held a hearing on McBride's PFS petition. McBride and Pfannenstiel testified to the chronology set forth above. With regard to Pfannenstiel's February 5, 2015, email about the payment of taxes, McBride testified that he had an attorney and Pfannenstiel knew how to contact his attorney about this issue. McBride expressed his concerns about Pfannenstiel's attempts to contact him. He believed Pfannenstiel tried to bait him to violate the temporary PFA order and the municipal court no-contact order so he would be criminally punished. He testified the contacts caused him emotional distress, fearing he may be sentenced to jail time if he responded to Pfannenstiel.

Pfannenstiel testified that she agreed to dismiss the protection for abuse petition in August. After McBride was arrested for violating a no-contact order, Pfannenstiel said she contacted the prosecutor and requested that the charge be dropped but was told there was nothing she could do at that point. She admitted sending the February 2015 email and acknowledged, "I realize now that after all of this, I, probably, should have went through his attorney."

The district court found evidence supporting two incidents of stalking. The district court found Pfannenstiel sent the February 2015 email with the intent to alarm, annoy, and cause anxiety; and she sent the September 2014 email about the mini-storage unit loan with the intent to cause anxiety and nervousness in light of the parties' history. The district court concluded that these two contacts were initiated by Pfannenstiel with the intent to annoy, alarm, anger, and cause resentment in McBride. The district court granted McBride's petition and issued a final order of protection from stalking, which remained in effect until February 5, 2016, and was not renewed or extended.

3

Pfannenstiel appeals.

Before considering the sufficiency of the evidence, we must consider whether this matter is now moot because the district court's protection from stalking order expired on February 5, 2016, and has not been reinstated or extended. As a general rule, we do not decide moot issues or render advisory opinions:

> "'The mootness doctrine is one of court policy which recognizes that it is the function of a judicial tribunal to determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.'" *Skillett v. Sierra*, 30 Kan. App. 2d 1041, 1046, 53 P.3d 1234, *rev. denied* 275 Kan. 965 (2002) (quoting *Board of Johnson County Comm'rs v. Duffy*, 259 Kan. 500, 504, 912 P.2d 716 [1996]).

But mootness does not deprive the court of jurisdiction. There are two exceptions that allow an appellate court to consider moot appeals. First, we may "proceed to judgment whenever dismissal of an appeal adversely affects rights vital to the parties, even where its judgment will not be enforceable because of lapse of time or other changed circumstances." *Gonzales v. State*, 11 Kan. App. 2d 70, 71, 713 P.2d 489 (1986). Second, we may address a moot issue when it is capable of repetition and raises concerns of public importance. *Skillet*, 30 Kan. App. 2d at 1048.

In *Smith v. Martens*, 279 Kan. 242, 245, 106 P.3d 28 (2005), the Kansas Supreme Court determined all the issues were moot because the district court's PFS order had expired. But the court nevertheless decided the constitutionality of the Protection from Stalking Act because it was a matter of public importance, dismissing the remaining issues because they did not affect any rights vital to the parties. See *Skillet*, 30 Kan. App. 2d at 1046-48 (dismissing appeal from protection from abuse order as moot).

4

Similar to *Martens*, any judgment issued by the court on Pfannenstiel's claim that the district court's order was not supported by sufficient evidence would not be enforceable due to the lapse of time. The district court's protection from stalking order lapsed on February 5, 2016. The record contains no evidence suggesting failure to address Pfannenstiel's appeal would affect vital rights of the parties. Further, whether sufficient evidence supported the district court's judgment does not present an issue of public importance, as it only affects the individual parties in this case. Thus, the issue raised by Pfannenstiel on appeal is moot and we find no applicable exception that would prompt us to consider it in spite of being moot.

Dismissed as moot.